NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA INDYK as Executrix for WALTER INDYK, | |
| Plaintiff, | Civ. No. 04-3755 (AET) |
| v. | **MEMORANDUM & ORDER** |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION CREDIT INFORMATION CO.; and EQUIFAX CREDIT INFORMATION SERVICES, INC., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Defendant Equifax Information Services LLC's[1] ("Equifax") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 25(a)(1), which Defendant Experian Information Solutions, Inc. ("Experian") has joined in a separate motion. The Court has decided these motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, the Court denies Defendants' motions.

Plaintiff Barbara Indyk's late husband, Walter Indyk, was the original Plaintiff in this case.  After Mr. Indyk's death, Mrs. Indyk was substituted in his place as Plaintiff.  Defendants

---

[1] Equifax Information Services LLC is the successor in interest to Equifax Credit Information Services, Inc.

-1-

now seek dismissal of Plaintiff's complaint on the grounds that (1) Plaintiff failed to follow court orders; (2) Plaintiff failed to file proper proof of appointment as executrix of the estate; (3) Plaintiff failed to properly substitute a party within nearly 300 days after the suggestion of death; and (4) Defendants have been prejudiced because they have been unable to conduct discovery on events that occurred nearly three years ago.

Under Fed. R. Civ. P. 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). Under the rule, a motion for substitution is to be made no later than "90 days after the death is suggested upon the record." Id.  This 90-day period, however, may be extended by a court pursuant under Fed. R. Civ. P. 6(b).  In this case, the Court granted Plaintiff an extension of time to file a motion for substitution by January 27, 2006.  Plaintiff filed her motion as an informal letter request on January 20, 2006, and her motion was granted on February 23, 2006.  Plaintiff also provided a copy of her late husband's will to the Court on March 14, 2006, to show that her husband had appointed her Executrix of his estate.

First, Defendants argue that the complaint should be dismissed because of Plaintiff's failure to follow court orders and failure to make a proper motion for substitution within the time limit.  These arguments are unpersuasive.  The Court earlier granted Plaintiff an extension of time to file a motion for substitution.  Plaintiff submitted an informal motion for substitution within the time permitted, and the Court granted that motion.

Defendants also argue that providing the will is inadequate, and that Plaintiff must be officially appointed Executrix by a probate court before she has standing to pursue claims on behalf of her husband's estate.  Defendants are correct that appointment of Plaintiff as Executrix

through letters testamentary issued by a probate court would be conclusive evidence of her right to be substituted for her late husband. Mut. Benefit Life Ins. Co. v. Tisdale, 91 U.S. 238, 243-44 (1876). The Court observes that Defendants do not challenge whether Plaintiff is Executrix of her late husband's estate, but rather take issue with the fact that the will has not been probated. The Court recognizes that Plaintiff's rights on behalf of her late husband's estate would be much clearer if the will had been probated. However, under Fed. R. Civ. P. 25(a)(1), a distributee of an unprobated distributed estate can also be the proper subject of substitution. McSurely v. McClellan, 753 F.2d 88, 99 (D.C. Cir. 1985); Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986). Plaintiff indicated in her response papers that her husband left the entirety of his estate to her, and that the assets of the estate have already been distributed to her. Thus, she is properly substituted under Fed. R. Civ. P. 25(a)(1) as a distributee. Gronowicz, 109 F.R.D. at 626.

In addition, Defendants' generalized allegations of prejudice are not proper grounds for dismissal at this time. Accordingly, the Court will deny Defendants' motions to dismiss.

For the reasons given above, and for good cause shown;

IT IS this 31st day of May, 2006,

ORDERED that Defendants' Motions to Dismiss [17 & 18] are DENIED.

                                              s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.